UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
RICHARD BARNES,

                      Plaintiff,                              16CV2571

- against -                                COMPLAINT AND
                                                          DEMAND FOR JURY TRIAL

THE CITY OF NEW YORK, DERRICK WILLIAMS,
and "JOHN DOE" #1 - 9, all in Their Individual          ECF CASE
Capacities and in Their Official Capacities,

                      Defendants
------------------------------------------------------------------------x

      Plaintiff, by his attorneys, Michelstein & Associates, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

      1. This is a civil rights action to redress the defendants' violations of the rights accorded to plaintiff Richard Barnes by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth Amendment, and by the laws and the Constitution of the State of New York.

      2. Plaintiff Richard Barnes is a citizen of the United States who was present at the corner of W. 38th Street and 8th Avenue, New York, New York on May 12, 2015, when he was arrested by New York City police officers Derrick Williams and "John Doe" #1 - 9 on false criminal charges of Criminal Obstruction of Breathing and Harassment in the Second Degree, handcuffed, subjected to a pat-down search, transported to the Midtown South Precinct, where he was imprisoned, and subsequently transported to Manhattan Central Booking, where he continued to be imprisoned until his arraignment on May 16, 2015, when he was released on his own recognizance, and prosecuted on the false criminal charges, which were dismissed on September 9, 2015.

3. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violations of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Derrick Williams can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Richard Barnes is a citizen of the United States who resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9. Defendant Derrick Williams is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

10. At all times relevant herein, defendant Derrick Williams was acting within the scope of his employment by defendant The City of New York.

11. Defendants "John Doe" #1 - 9 are natural persons who, at all times relevant herein, were employed by defendant The City of New York as police officers.

12. At all times relevant herein, defendants "John Doe" #1 - 9 were acting within the scope of their employment by defendant The City of New York.

## NOTICE OF CLAIM

13. On August 11, 2015, and within 90 days of the accrual of his claims for false imprisonment and assault and battery, plaintiff Richard Barnes served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which those claims arose.

14. On October 23, 2015, and within 90 days of the accrual of his claim for malicious prosecution, plaintiff Richard Barnes served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which that claim arose.

15. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

16. Plaintiff incorporates by reference paragraphs 1 through 15 of this complaint as though the same were set forth fully herein.

17. On May 15, 2015, plaintiff Richard Barnes was lawfully present on the sidewalk at

the corner of W. 35th Street and 8th Avenue in the borough of Manhattan, City and State of New York.

18. At the above time and place, plaintiff Richard Barnes was engaged in conversation with Joselyn Cabrero.

19. Plaintiff Richard Barnes was neither the husband nor boyfriend of Joselyn Cabrero.

20. On May 15, 2015, as plaintiff Richard Barnes was engaged in a conversation with Joselyn Cabrero, defendants Derrick Williams and "John Doe" #1 - 9 approached the plaintiff and Joselyn Cabrero and separated them.

21. The defendants arrested plaintif Richard Barnes.

22. The defendants handcuffed plaintiff Richard Barnes.

23. The defendants subjected plaintiff Richard Barnes to a pat-down search.

24. The defendants informed plaintiff Richard Barnes that he was being arrested on charges that the plaintiff had choked Joselyn Cabrero and dragged her down the street.

25. Plaintiff Richard Barnes had neither choked Joselyn Cabrero nor dragged her down the street.

26. Upon information and belief, Joselyn Cabrero immediately informed defendants Derrick Williams and "John Doe" #1 - 9 that plaintiff Richard Barnes had neither choked her nor dragged her down the street.

27. Defendants Derrick Williams and "John Doe" #1 - 9 arrested plaintiff Richard Barnes on false criminal charges of Criminal Obstruction of Breathing and Harassment in the Second Degree.

28. Defendants Derrick Williams and "John Doe" #1 - 9 did not have a warrant or other legal process authorizing the arrest of plaintiff Richard Barnes.

29. The defendants transported plaintiff Richard Barnes to a police precinct, where the plaintiff was imprisoned.

30. The plaintiff was subsequently transported to Manhattan Central Booking, where he was imprisoned until his arraignment.

31. Upon information and belief, on May 15 or May 16, 2015, defendant Derrick Williams falsely informed New York County Assistant District Attorney Hannah Yu that plaintiff Richard Barnes had placed his hands around Joselyn Cabrero's neck and dragged her by the neck.

32. Upon information and belief, defendant Derrick Williams failed to inform Assistant District Attorney Hannah Yu that Joselyn Cabrero had informed defendant Derrick Williams that plaintiff Richard Barnes had not placed his hands around her neck and had not dragged her by the neck.

33. On May 16, 2015, defendant Derrick Williams initiated a criminal proceeding against plaintiff Richard Barnes in the Criminal Court of the City of New York, County of New York, under docket No. 2015NY030362, accusing the plaintiff of the crime of Criminal Obstruction of Breathing or Blood Circulation and the violation of Harassment in the Second Degree.

34. On May 16, 2015, plaintiff Richard Barnes was arraigned before a judge of the Criminal Court of the City of New York, County of New York, and was released on his own recognizance.

35. On September 9, 2015, the charges brought by defendant Derrick Williams against plaintiff Richard Barnes were dismissed.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

36. Plaintiff incorporates by reference paragraphs 1 through 35 of this complaint as

though the same were set forth fully herein.

37. The seizure, detention, arrest, and imprisonment of plaintiff Richard Barnes by defendants Derrick Williams and "John Doe" # 1 - 9 were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

38. Defendants "John Doe" #1 - 9 acted in concert with defendant Derrick Williams in the unconstitutional arrest of plaintiff Richard Barnes and/or could have intervened to stop the arrest.

39. The seizure, detention, arrest, and imprisonment of plaintiff Richard Barnes were made without probable cause to believe that he had committed a crime or offense.

40. The charges upon which defendants Derrick Williams and "John Doe" #1 - 9 arrested plaintiff Richard Barnes were false.

41. The charges were made by defendants Derrick Williams and "John Doe" #1 - 9 against plaintiff Richard Barnes with knowledge that they were false.

42. Plaintiff Richard Barnes was aware of his seizure, detention, arrest and imprisonment by defendants Derrick Williams and "John Doe" #1 - 9.

43. Plaintiff Richard Barnes did not consent to his seizure, detention, arrest or imprisonment.

44. As a result of the foregoing, plaintiff Richard Barnes was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

45. The seizure, detention, arrest and imprisonment of plaintiff Richard Barnes deprived him of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

46. Defendants Derrick Williams and "John Doe" # 1 - 9 were acting under color of state law when they seized, detained, arrested and imprisoned plaintiff Richard Barnes.

47. Defendants Derrick Williams and "John Doe" # 1 - 9 deprived plaintiff Richard Barnes of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Richard Barnes on false criminal charges.

## COUNT TWO
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

48. Plaintiff incorporates by reference paragraphs 1 through 47 of this Complaint as though the same were set forth fully herein.

49. The criminal charges brought by defendant Derrick Williams against plaintiff Richard Barnes in the Criminal Court of the City of New York, County of New York, were false.

50. Defendant Derrick Williams instituted the criminal proceeding against plaintiff Richard Barnes with knowledge that the charges were false.

51. Defendant Derrick Williams instituted the criminal proceeding against plaintiff Richard Barnes without probable cause to believe that plaintiff Richard Barnes had committed the crimes charged.

52. Defendant Derrick Williams was acting with malice when he commenced the criminal proceeding against plaintiff Richard Barnes.

53. The criminal proceeding instituted by defendant Derrick Williams against plaintiff Richard Barnes was terminated in plaintiff Richard Barnes' favor.

54. Defendant Derrick Williams was acting under color of state law when he falsely informed New York County Assistant District Attorney Hannah Hu that plaintiff Richard Barnes placed his hands around Joselyn Cabrero's neck and dragged her by the neck.

55. Defendant Derrick Williams was acting under color of state law when he commenced a criminal proceeding against plaintiff Richard Barnes in the Criminal Court of the City of New York, County of New York.

56. Defendant Derrick Williams deprived plaintiff Richard Barnes of her right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Richard Barnes on false criminal charges.

## COUNT THREE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

57. Plaintiff incorporates by reference paragraphs 1 through 56 of this Complaint as though the same were set forth fully herein.

58. The acts complained of were carried out by defendants Derrick Williams and "John Doe # 1 - 9 in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

59. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

60. The aforesaid customs, policies, usages, practices, procedures and rules of defendant The City of New York include, but are not limited to, the following:

    (a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest

of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

61. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

62. The arrest and imprisonment of plaintiff Richard Barnes on May 15, 2015 resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

63. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless arrests without probable cause.

64. Defendant The City of New York deprived plaintiff Richard Barnes of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth

Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards for making warrantless arrests.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

65. Plaintiff incorporates by reference paragraphs 1 through 64 of this Complaint as though the same were set forth fully herein.

66. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Derrick Williams and "John Doe" # 1 - 9 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

67. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

68. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

69. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Richard Barnes would be violated.

70. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard

for the civil rights of individuals, and more particularly, the civil rights of plaintiff Richard Barnes.

71. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

72. Defendant The City of New York deprived plaintiff Richard Barnes of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT FIVE
## COMMON LAW ASSAULT AND BATTERY

73. Plaintiff incorporates by reference paragraphs 1 through 72 of this Complaint as though the same were set forth fully herein.

74. Defendants Derrick Williams, "John Doe" # 1 - 9 and the City of New York committed an assault and battery on the person of plaintiff Richard Barnes by handcuffing his wrists.

75. As a result of the foregoing, plaintiff Richard Barnes was injured.

76. As a result of the foregoing, plaintiff Richard Barnes experienced pain, physical and emotional distress, hardship and anxiety.

## COUNT SIX
## COMMON LAW ASSAULT AND BATTERY

77. Plaintiff incorporates by reference paragraphs 1 through 76 of this Complaint as though the same were set forth fully herein.

78. Defendants Derrick Williams, "John Doe" # 1 - 9 and The City of New York committed an assault and battery on the person of plaintiff Richard Barnes by subjecting the plaintiff to a pat down search.

79. As a result of the foregoing, plaintiff Richard Barnes experienced physical discomfort and emotional distress, hardship and anxiety.

## COUNT SEVEN
## COMMON LAW FALSE IMPRISONMENT

80. Plaintiff incorporates by reference paragraphs 1 through 79 of this Complaint as though the same were set forth fully herein.

81. Defendants Derrick Williams, "John Doe" # 1 - 9 and The City of New York falsely imprisoned plaintiff Richard Barnes by seizing, detaining, arresting and imprisoning him on false criminal charges.

82. As a result of the foregoing, plaintiff Richard Barnes was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT EIGHT
## COMMON LAW MALICIOUS PROSECUTION

83. Plaintiffs incorporate by reference paragraphs 1 through 82 of this Complaint as though the same were set forth fully herein.

84. Defendants Derrick Williams and The City of New York maliciously prosecuted plaintiff Richard Barnes on a false criminal charges of Criminal Obstruction of Breathing or Blood Circulation, and a violation of Harassment in the Second Degree.

85. As a result of the criminal proceeding instituted by defendants Derrick Williams and The City of New York, plaintiff Richard Barnes was subjected to mental and physical distress and was exposed to public ridicule, scorn, humiliation and embarrassment.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award plaintiff Richard Barnes compensatory damages to be determined by the jury at the time of trial;

B. Award plaintiff Richard Barnes punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
April 5, 2016

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
STEVEN MICHELSTEIN (SM3323)
Attorneys for Plaintiff
485 Madison Avenue
New York, New York 10022
(212) 588-0880
malaw485@yahoo.com