USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
RICHARD BARNES,

                Plaintiff,    :  16 Civ. 2571 (PKC)(HBP)

  -against-                    :  OPINION
                                    AND ORDER

DERRICK WILLIAMS, in his
individual capacity, et al.,

                Defendants.
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter has been referred to me for general pretrial supervision, and I write to resolve a discovery dispute among the parties and to address a scheduling issue.

        This is a civil rights action brought pursuant to 42 U.S.C. § 1983. In pertinent part, plaintiff alleges that on or about May 15, 2015, while engaged in a conversation with Joselin Cabrero outside of a Manhattan bar, defendant police officers falsely arrested him for choking Cabrero. Defendants contend that probable cause existed for plaintiff's arrest because eyewitnesses had advised them that plaintiff was dragging, pulling and choking Cabrero, although Cabrero has denied that plaintiff choked her. Immediately after plaintiff's arrest, both plaintiff and Cabrero were taken to the 14th Precinct; plain-

tiff's cell phone was taken from him while he was at the precinct; Cabrero was allowed to keep hers. There appears to be no dispute that plaintiff and Cabrero were romantically involved both before and after the events of May 15, 2015. Both plaintiff and Cabrero have been deposed in this matter.

In their current application, defendants seek an Order directing plaintiff to disclose his cell phone number(s) and carrier(s) for the periods from May 14, 2015 through May 16, 2015 and from February 16, 2017 through April 24, 2017. The former period encompasses the period of the events giving rise to this action; the latter time period encompasses the time period in which plaintiff and Cabrero were deposed. In her deposition testimony, Cabrero admitted that she attempted to send text messages to plaintiff while both were at the 14th Precinct. She also admitted to sending text messages to plaintiff after she had been subpoenaed to give a deposition.

Defendants appear to be seeking the content of the text messages between plaintiff and Cabrero. Defendants appear to believe that this information will contradict plaintiff and Cabrero's deposition testimony concerning the events preceding plaintiff's arrest or otherwise impeach plaintiff and Cabrero's credibility. There is no definitive information at this time as to whether the content of text messages is available from plain-

tiff's carrier, although there is unsworn information from a third party that the carrier does not retain the content of text messages.

Defendants' application to compel plaintiff to identify his cell phone number(s) and Carrier(s) during the time periods identified above is granted. This information is not privileged and its production is not unduly burdensome. See Moll v. Telesector Resources Group, Inc., 04-CV-0805S(Sr), 2017 WL 2241967 at *1 (W.D.N.Y. May 23, 2017). This Order is without prejudice to plaintiff's right to move to quash any subpoena that defendants may serve on plaintiff's cell phone carrier. Although it is easy to hypothesize a number of potential issues with any subpoena defendants may serve on plaintiff's carrier, see Moll v. Telesector Resources Group, Inc., supra, 2017 WL 2241967 at *2, it is more prudent to await defendants' actual issuance of a subpoena rather than to address hypothetical document requests.[1] After plaintiff discloses his cell phone number(s) and carrier(s),

---

[1] If the carrier does not retain the contents of text messages, it is difficult to conceive of language that properly and meaningfully limits the subpoena to relevant information. Defendants are probably entitled to know with whom plaintiff spoke concerning his arrest, but they are not entitled to know the identities of every one with whom plaintiff communicated concerning any subject during the defined time periods. In any event, the burden of drafting an appropriate subpoena rests with defendants in the first instance.

3

defendants are directed to (1) ascertain whether the carrier retains the content of text messages, and (2) provide plaintiff with a copy of any subpoena at least fourteen days before it is served on the carrier.

The parties' joint request to extend the deadlines for fact and expert discovery is granted. The deadline for the completion of fact discovery is extended to August 18, 2017; the deadline for the completion of expert discovery is extended to September 29, 2017.

Accordingly, for all the foregoing reasons, defendants' application to compel plaintiff to identify his cell phone number(s) and carrier(s) during the periods from May 14, 2015 through May 16, 2015 and from February 16, 2017 through April 24, 2017 id granted. After plaintiff discloses his cell phone number(s) and carrier(s), defendants are directed to (1) ascertain whether the carrier retains the content of text messages, and (2) provide plaintiff with a copy of any subpoena at least fourteen days before it is served on the carrier. The parties' joint application to extend the deadlines for fact and expert discovery to August 18, 2017 and September 29, 2017, respec-

tively, is granted. The Clerk of the Court is directed to mark docket items 35 and 36 closed.

Dated: New York, New York
July 7, 2017

                          SO ORDERED

                          HENRY PITMAN
                          United States Magistrate Judge

Copies transmitted to:

All Counsel